UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


MARCUM & ASSOCIATES, INC.,

        Plaintiff,

v.                                    Civil Action No. 2:11-cv-00312

MACK TRUCKS, INC.
a foreign corporation, and
WORLDWIDE EQUIPMENT, INC.
a foreign corporation, and
GLEN WEBB as an agent and
general manager of Worldwide
Equipment, Inc.,

        Defendants,


MEMORANDUM OPINION AND ORDER


        Pending is the motion to dismiss of defendant Glen

Webb, filed May 6, 2011.


I.


        Plaintiff Marcum & Associates, Inc. ("Marcum"), is a

West Virginia corporation with its principal place of business in

Logan, West Virginia.  (Compl. ¶ 1, attached as Ex. A to Notice

of Removal).  In December 2009, Marcum purchased two new trucks

for use in its hauling business.  (Id. ¶ 6; see also Invoice Nos.

40615 and 40733, attached as Ex. B to Notice of Removal).  The

trucks were manufactured by defendant Mack Trucks, Inc. ("Mack"),

a Pennsylvania corporation with its principal place of business in Pennsylvania.  (Compl. ¶ 6; Notice of Removal ¶ 4).  Marcum purchased the trucks in Huntington, West Virginia, from defendant Worldwide Equipment, Inc. ("Worldwide"), an authorized dealer of trucks manufactured by Mack. (Compl. ¶ 6; Notice of Removal ¶ 3). Worldwide is a Kentucky corporation with its principal place of business in Kentucky.  (Compl. ¶ 6).  Defendant Glenn Webb, a resident of Huntington, West Virginia, is the sales manager for Worldwide.  (Compl. ¶ 5; Notice of Removal ¶ 5).  It is unclear what role, if any, Webb played in the underlying sales.

Following the purchases, Marcum experienced what it calls "repeated nonconformities with the vehicles['] warranties," rendering the trucks unsafe and unfit for use in its hauling business.  (Compl. ¶¶ 7-8).  Marcum requested that Mack or Worldwide repair or replace the trucks, but each refused to do so.  (Id. ¶ 9).  As a result, Marcum has been unable to use the trucks, resulting in loss of profits, annoyance, inconvenience, and various other expenses.  (Id. ¶ 10).

On March 25, 2011, Marcum instituted this action in the Circuit Court of Logan County, naming as defendants Mack, Worldwide, and Webb in his capacity as sales manager of Worldwide.  The complaint alleges that defendants breached the

2

implied warranty of merchantability, the implied warranty of
fitness for a particular purpose, and certain express warranties
that the trucks were fit for their intended use.  (Id. ¶¶ 11-15).
Marcum seeks an award of damages for lost profits, consequential
damages, refund of the trucks' purchase price, costs of repairs,
and annoyance or inconvenience.  (Id. at 5).

        As pertinent to the instant motion to dismiss, the
complaint contains no specific allegations concerning defendant
Webb.  Instead, the complaint simply names Webb as a defendant
and lists his West Virginia residency.  (Id. ¶ 5).  Marcum does
not allege that Webb played any role in the sale of the Mack
trucks, nor does it state whether Webb had anything to do with
Worldwide's subsequent refusal to repair or replace the trucks.
Finally, the complaint does not specify how or if Webb violated
any express or implied warranties.

        On May 6, 2011, defendants removed the case on
diversity grounds, claiming that Webb was fraudulently joined.
(Notice of Removal ¶ 5).  Specifically, defendants contend in
their notice of removal that diversity jurisdiction is
appropriate, notwithstanding the presence of Webb, a West
Virginia citizen, inasmuch as "no recovery could be had by the
Plaintiff against Defendant Webb even if Plaintiff is successful

3

on all of the claims articulated in its Complaint." (Id. ¶ 6).

That same day, May 6, 2011, Webb moved to dismiss the claims against him. Webb maintains that, as an agent for Worldwide, he is not personally liable for any express or implied warranties made by his principal. (Mem. in Supp. Mot. to Dismiss at 2-3). Webb further contends that, inasmuch as Marcum does not allege fraud, negligence, or any other wrongful conduct on his part, dismissal of Marcum's claims against him is warranted. (Id. at 3).

Marcum did not respond to Webb's motion to dismiss within the fourteen-day response period set forth in Local Rule of Civil Procedure 7.1(a)(7). By order entered June 1, 2011, the court alerted Marcum that the response deadline had passed and directed Marcum to respond to the motion by June 13, 2011. Marcum was warned that failure to respond by that date may result in the court deeming Webb's motion unopposed. Marcum has not responded to the motion to dismiss, and the court now deems it unopposed.

II.

Although this matter reaches the court on defendant Webb's motion to dismiss, the court must first assess whether it

4

has subject matter jurisdiction.  Inasmuch as there is incomplete
diversity between Marcum and defendants with Webb joined, such
jurisdiction will lie only if defendants can show that Webb was
fraudulently joined.  If they make such a showing, the court must
then "disregard, for jurisdictional purposes, the citizenship of
nondiverse defendants [such as Webb], assume jurisdiction over a
case, dismiss the nondiverse defendants, and thereby retain
jurisdiction."  Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir.
1999).  Alternatively, if defendants cannot prove that Webb was
fraudulently joined, the court lacks subject matter jurisdiction
and must remand to the Circuit Court of Logan County.  Id. at
466.  Under either scenario, a ruling on Webb's motion to dismiss
is unnecessary.

1.   Fraudulent Joinder Standard

        The fraudulent joinder standard is well settled.  Our
court of appeals lays a "heavy burden" upon a defendant removing
a case on such grounds:

        "In order to establish that a nondiverse defendant
    has been fraudulently joined, the removing party must
    establish either: [t]hat there is no possibility that
    the plaintiff would be able to establish a cause of
    action against the in-state defendant in state court;
    or [t]hat there has been outright fraud in the
    plaintiff's pleading of jurisdictional facts."

Mayes, 198 F.3d at 464 (emphasis in original) (quoting Marshall

v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)).  The
applicable standard "is even more favorable to the plaintiff than
the standard for ruling on a motion to dismiss."  Hartley v. CSX
Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999).

As the decision in Hartley illustrates, fraudulent
joinder claims are subject to a rather black-and-white analysis
in this circuit.  Any shades of gray are resolved in favor of
remand.  At bottom, a plaintiff need only demonstrate a "glimmer
of hope" in order to have his claims remanded:

> In all events, a jurisdictional inquiry is not the
> appropriate stage of litigation to resolve . . .
> various uncertain questions of law and fact.  Allowing
> joinder of the public defendants is proper . . .
> because courts should minimize threshold litigation
> over jurisdiction.  Jurisdictional rules direct
> judicial traffic.  They function to steer litigation to
> the proper forum with a minimum of preliminary fuss.
> The best way to advance this objective is to accept the
> parties [as] joined . . . unless joinder is clearly
> improper.  To permit extensive litigation of the merits
> of a case while determining jurisdiction thwarts the
> purpose of jurisdictional rules.

Id. at 425-26 (emphasis added).

2.  Analysis

The defendants do not allege any bad faith in Marcum's
pleading.  (Notice of Removal ¶ 6).  Rather, they maintain there
is no possibility that Marcum would be able to establish a cause

6

of action against Wells, the in-state defendant, in state court.
(Id.).  Defendants contend that Webb, in facilitating the sale of
the trucks to Marcum, was acting on behalf of a principal
(Worldwide) whose existence and identity were known to Marcum.
(Id. ¶ 8).  Even assuming that express or implied warranties were
made to Marcum and that those warranties were subsequently
breached, defendants assert that Webb cannot be held personally
liable for his disclosed principal's breach.  Inasmuch as Marcum
has alleged no other wrongful conduct on Webb's part, defendants
maintain that there is no possibility of recovery against him.
Accordingly, they conclude that Webb was fraudulently joined
solely to defeat diversity jurisdiction, that his dismissal is
therefore warranted, and that, with his dismissal, diversity
jurisdiction will lie.

        Under West Virginia law, "[i]t is very well established
that the agent of a known and disclosed principal is not liable
to one with whom he contracts for a breach of the contract,
provided he acts within the scope of his authority."  Hoon v.
Hyman, 87 W. Va. 659, 662, 105 S.E. 925, 926 (1921).  Rather, in
such a situation, the agent merely warrants "that he is
authorized to make the contract that he makes on behalf of his
principal."  Id.  The agent is liable only if the third party

with whom he has contracted can demonstrate that the agent acted
without authority or in excess of his authority.  Id.

        Here, the relevant record, including the complaint and
certain incorporated documents, demonstrate that Webb acted as an
agent on behalf of a disclosed principal, Worldwide.  In the
complaint, Marcum specifically alleges that it "purchased [two]
new Mack coal trucks from the Defendant, Worldwide."  (Compl. ¶ 6
(emphasis added)).  Moreover, the invoices from those sales
squarely identify Worldwide as the seller.  (See Invoice Nos.
40615 and 40733, attached as Ex. B to Notice of Removal).
Accordingly, assuming that Webb facilitated the sales as
Worldwide's sales manager, he was acting as an agent on behalf of
a disclosed principal.  In that capacity, Webb is liable only if
Marcum can demonstrate that he acted in excess of his authority
or without authority.

        Nothing in the record, however, suggests even the
possibility that Webb acted either without authority or in excess
of any authority granted.  Plaintiff alleges that Webb was at all
relevant times "the sales manager for the Defendant, Worldwide."
(Compl. ¶ 5).  As the sales manager of Worldwide, Webb had actual
authority to enter into contracts on behalf of Worldwide for the
sale of trucks.  Nor does the evidence before the court suggest

that Webb in some other way bound himself to Marcum, see Waugh v. Bluefield Supply Co., 107 W. Va. 671, 677, 150 S.E. 373, 375 (1929) ("[A]n agent may bind himself along with his principal when he enters into contractual relations with a third party."), or that Webb engaged in any sort of wrongful conduct.

Accordingly, accepting the facts alleged in the complaint as true and drawing all inferences therefrom in Marcum's favor, there is no possibility that Marcum would be able to establish a cause of action against Webb.  The court therefore finds that Webb was fraudulently joined and concludes that, with his dismissal, diversity jurisdiction lies.

III.

Pursuant to the foregoing, it is ORDERED that defendant Glenn Webb be, and he hereby is, dismissed as a party defendant in this action.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: June 21, 2011

John T. Copenhaver, Jr.
United States District Judge